GAIL RATHBUN et al., Appellants, *v.* VILLAGE OF WAVERLY, Respondent. (Action No. 1.)

GAIL RATHBUN et al., Appellants, *v.* FRANCIS MORRIS et al., Respondents. (Action No. 2.)

Third Department, November 12, 1970.

*Betty D. Friedlander* for appellants.

*Levene, Gouldin & Thompson* (*David M. Gouldin* of counsel), for respondents.

GREENBLOTT, J. This is an appeal from an order of the Supreme Court at Special Term, entered September 29, 1969 in Tioga County, granting defendants' motion to dismiss the complaints in both actions, except as to infant plaintiff Michael Rathbun in Action No. 1.

Appellants, Gail and Richard Rathbun commenced these actions to recover damages for injuries sustained by them and their infant son Michael, on October 4, 1967, when a car driven by Mrs. Rathbun ran into an open ditch allegedly excavated by the Village of Waverly Water Department. A notice of claim was served upon the Village of Waverly and the Waverly Water Department in December, 1967. However, summonses and complaints were not served until March and April, 1969. Appellants contend that respondent Village of Waverly is estopped from asserting the Statute of Limitations and further that such period of limitation had not expired but was tolled by allegedly applicable statutory prohibitions regarding commencement of their action.

Section 50-i of the General Municipal Law authorizes suits against " a city, county, town, village " etc. only if commenced within one year and 90 days from the event upon which the claim is based. Appellants argue that sections 50-i and 50-h of the General Municipal Law precluded the commencement of their actions within the first 30 days after the accident and within 90 days after the filing of the notices of claim. They argue that these sections constitute statutory stays entitling them to an increase in the statutory period. (CPLR 204, subd. [a].)

The tolling provision afforded by CPLR 204 (subd. [a]), however, is inapplicable to section 50-i of the General Municipal Law, the period therein having been increased to one year and 90 days so as to compensate for statutory stays. (*Joiner* v. *City of New York*, 26 A D 2d 840.) Subdivision 3 of section 50-i of the General Municipal Law provides: " 3. Nothing contained herein or in section fifty-h of this chapter shall operate to extend the period limited by subdivision one of this section for the commencement of an action or special proceeding."

Both actions of appellants Gail and Richard Rathbun against the Village of Waverly were untimely commenced, and, since there is absent a showing of fraud requisite to an invocation of the equitable principles of estoppel, were rightfully dismissed. Appellant Michael Rathbun, being an infant, was entitled to the benefit of the tolling provision of CPLR 208 and his action was timely. Since, however, his suit in the second action against the Village of Waverly was merely a reiteration of his suit in Action No. 1, it was properly dismissed.

Appellants' cause of action against defendants Waverly Water Department, and the President of the Water Board were also properly dismissed. The Water Board, created pursuant to the Village Law (see Village Law, §§ 220, 224) is charged with the operation and administration of the water works system acquired by the village. It is evident from a reading of its statutory powers and limitations that it exists merely as an administrative arm of the village itself, exercising authority delegated by the village (see Village Law, § 89, subd. 1) apart from which it has no independent existence upon which it may be sued. (See *Tom Sawyer Motor Inns* v. *Chemung County Sewer Dist. No. 1,* 33 A D 2d 720; *Berean* v. *Town of Lloyd,* 3 A D 2d 585.) Prior to the board's inception in 1912, the functions now carried out by it were performed by the Village Board. Their proposed rules and regulations were subjected to approval by the Village Board of Trustees. Although the Commissioners have the power to acquire necessary land and water rights (Village Law, § 223) and to contract for the supply of water (Village Law, § 220) such authority may be exercised only in the name of the village. Moreover, the very existence of the Board of Water Commissioners is dependent upon the Village Board of Trustees, who are empowered to abolish it (Village Law, § 4-454, subds. 1, 7). The scope of restrictions placed upon the board thus reinforces the view that it is no more than an administrative unit of the village. (*Tom Sawyer Motor Inns* v. *Chemung County Sewer Dist. No. 1, supra.*)

Appellants' contention that the Board of Water Commissioners is a public benefit corporation or *de facto* corporation possessing status as an independent entity allowing it to sue or be sued is unfounded. A public benefit corporation is defined as "a corporation organized to construct or operate a public improvement wholly or partly within the state, the profits for which enure to the benefit of this or other states, or the people thereof." (General Corporation Law, § 3, subd. 4.) No certificate of incorporation was ever drawn and no legislation enacted, establishing the board as a corporation (see *Tom Sawyer Motor Inns* v. *Chemung County Sewer Dist. No. 1, supra*). Since there is no authorization upon which respondent could become a *de jure* corporation it cannot be deemed even a *de facto* corporation. (See White, New York Corporations [13th ed.], par. 403.03.)

The order should be affirmed, without costs.

HERLIHY, P. J., REYNOLDS, STALEY, JR., and SWEENEY, JJ., concur.

Order affirmed, without costs.